UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

REEFA ABDEL SAHEB

                Plaintiff,                          Case No. 08-13391

vs.

                                           DISTRICT JUDGE GERALD E. ROSEN

                                           MAGISTRATE JUDGE STEVEN D. PEPE

U.S. IMMIGRATION AND NATURALIZATION SERVICES,

                Defendant.

_____/

**REPORT AND RECOMMENDATION**

I.      INTRODUCTION

      Plaintiff requests that this Court order Defendant to reevaluate his application for citizenship with a signed Medical Certification for Disability. A review of the complaint filed against "The U.S. Immgration [sic] and Naturalization Services" in this matter indicates that Plaintiff was denied citizenship because he failed his second and final test of his English ability/knowledge of U.S. history and government (Dkt. #1, p. 3).  Plaintiff alleges that he has an illness preventing him from reading, writing and speaking English.  The matter was referred to the undersigned to conduct all pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A)(B).

      The Court is mindful that plaintiff filed his complaint acting *pro se*.  While such complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), claims that are "wholly insubstantial" and "obviously frivolous" are not cognizable and do not

provide a court with subject matter jurisdiction, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).  If the issue of lack of jurisdiction is raised by the Court *sua sponte* under Fed. R. Civ. P. 12(h)(3), the plaintiff should be given notice and an opportunity to respond before the court orders dismissal. *Ricketts*, 874 F.2d at 1182 n.7 & 1183.  Here there is a question of whether this complaint was filed in a timely fashion.

On February 13, 2009, this Court issued an order to show cause why this complaint should not be dismissed *sua sponte* for lack of subject matter jurisdiction and for Plaintiff to provide compete information for the in forma pauperis application.  Plaintiff filed a response citing to his various medical conditions and attached as an exhibit an agreement he made to retain counsel on April 21, 2007.  Because there is no showing that the suit has been filed within limitation period, the complaint should be dismissed for lack of jurisdiction.

II.    BACKGROUND AND ANALYSIS

The source of Plaintiff's grievances stem from a denial of his citizenship application on March 12, 2007. An applicant who seeks a review in United States District Court of a denial, must do so within 120 days of the final determination. 8 C.F.R.§ 336.9. Plaintiff filed his petition for review in this Court on August 5, 2008, more than a year after the determination.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999).

"[T]he threshold question in every federal case," is whether the court has the power to

2

entertain the suit.  *Warth v. Seldin,* 422 U.S. 490, 498 (1975).  "The existence of subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself." *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).  Thus, "[q]uite aside from whether the parties raise jurisdictional issues themselves--or even attempt to consent or agree to federal jurisdiction – federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction" *(Id.* at 607).

The parties to a federal civil action cannot create subject matter jurisdiction where none exists.  "Nothing is to be more jealously guarded by a court than its jurisdiction.  Jurisdiction is what its power rests upon.  Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Plaintiff sought review of his final determination after the 120-day statute of limitations expired.  Having been given the opportunity to explain the delay, he provided no reason for the Court to toll the statute of limitations.   Accordingly, there is no basis to assume federal jurisdiction over the case and the case must be dismissed.

Furthermore, Plaintiff was show caused to submit additional information for his *in forma pauperis* application including his name in the preamble and indication of his employment status in order to complete the application.  Plaintiff failed to provide the requested information.  As such, his *in forma pauperis* application is incomplete and should be denied.

III.     RECOMMENDATION

For the reasons stated above, IT IS RECOMMENDED that Plaintiffs' complaint be DISMISSED FOR LACK OF DIVERSITY OR SUBJECT MATTER JURISDICTION and his In Forma Pauperis Application be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of its service.  28 U.S.C. § 636(b)(1); E.D. Mich. LR 72.1(d)(2).  Failure to file objections within the specified time constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ivey v. Wilson*, 832 F.2d 950, 957-58 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

So Ordered.

s/Steven D. Pepe
United States Magistrate Judge

Dated:  March 13, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 13, 2009.

s/V. Sims
Case Manager

4